C. WILLIAM FOUST
CIRCUIT COURT, BR. 14



| STATE OF WISCONSIN | CIRCUIT COURT | DANE COUNTY |
|---|---|---|
| | Civil Division | |

2010 MAR 19  AM 10:32

DANE CO. CIRCUIT CLERK

WILDER CHIROPRACTIC, INC., a Wisconsin corporation, individually and as the representative of a class of similarly situated persons
664 North High Point Road
Madison, WI 53717

Case No. **10CV1467**

Case Code: 30704—Other Injunction or Restraining Order

Plaintiff,

vs.

Amount claimed exceeds $5,000.00

PIZZA HUT OF SOUTHERN WISCONSIN, INC., a Wisconsin corporation
434 South Yellowstone Drive, Suite 101
Madison, WI 53719

THIS IS AN AUTHENTICATED COPY OF THE ORIGINAL DOCUMENT FILED WITH THE DANE COUNTY CLERK OF CIRCUIT COURT.

Defendant.

CARLO ESQUEDA

**SUMMONS**

CLERK OF CIRCUIT COURT

THE STATE OF WISCONSIN TO the above named Defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within 45 days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is:

> Dane County Courthouse
> Clerk of Circuit Court, Room 1000
> 215 South Hamilton Street
> Madison, WI 53703

and to CROEN & BARR LLP, Plaintiff's attorneys, whose address is:

> 250 East Wisconsin Avenue
> Suite 1550
> Milwaukee, Wisconsin 53202

You may have an attorney help or represent you.

If you do not provide a proper answer within 45 days, the court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this _18th_ day of March, 2010.

> CROEN & BARR LLP
> Attorneys for Plaintiff
>
> By: _____
> Charles H. Barr - SBW #1004802

250 East Wisconsin Avenue, Suite 1550
Milwaukee, WI 53202
Ph.: 414-226-2080
Fax: 414-226-2070

OF COUNSEL:
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Ph.: 847-368-1500
Fax: 847-368-1501

OF COUNSEL:
Phillip A. Bock
BOCK & HATCH, LLC
134 North La Salle Street, Suite 1000
Chicago, IL 60602
Ph.: 312-658-5500
Fax: 312-658-5555

| STATE OF WISCONSIN | CIRCUIT COURT<br>Civil Division | DANE COUNTY |
|---|---|---|

WILDER CHIROPRACTIC, INC., a Wisconsin corporation, individually and as the representative of a class of similarly situated persons
664 North High Point Road
Madison, WI 53717

                 Plaintiff,

vs.

PIZZA HUT OF SOUTHERN WISCONSIN, INC., a Wisconsin corporation
434 South Yellowstone Drive, Suite 101
Madison, WI 53719

                 Defendant.

Case No. 10CV1467

Case Code: 30704—Other Injunction or Restraining Order

Amount claimed exceeds $5,000.00

THIS IS AN AUTHENTICATED COPY OF THE ORIGINAL DOCUMENT FILED WITH THE DANE COUNTY CLERK OF CIRCUIT COURT.

CARLO ESQUEDA
CLERK OF CIRCUIT COURT

### CLASS ACTION COMPLAINT

Plaintiff, WILDER CHIROPRACTIC, INC. ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, PIZZA HUT OF SOUTHERN WISCONSIN, INC. ("Defendant"):

### PRELIMINARY STATEMENT

1.      This case challenges Defendant's practice of faxing unsolicited advertisements.

2.      The federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides for statutory damages of $500 per violation.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA and for common law conversion.

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA, and actual damages for common law conversion.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred by Wis. Stat. § 801.05(1)(c) and (3)(a), in that Defendant is a domestic corporation, and Plaintiff claims injury to property within this state arising out of an act or omission within this state by Defendant.

7. Venue is proper in Dane County pursuant to Wis. Stat. § 801.50(2)(a) and (c), because it is the county where the claim arose and where Defendant does substantial business.

8. Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiff's individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9. Plaintiff is a Wisconsin corporation with its principal place of business in Dane County at the address stated in the caption.

10. On information and belief, Defendant is a Wisconsin corporation with its principal place of business in Dane County at the address stated in the caption.

## FACTS

11. On or about March 22, 2006 and March 29, 2006, Defendant faxed an advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

12. Plaintiff had not invited or given permission to Defendant to send fax advertisements.

13. On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 3,000 other recipients without first receiving the recipients' express permission or invitation.

14. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I: TCPA

15. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16. In accordance with Wis. Stat. § 803.08, Plaintiff brings this action pursuant to the TCPA, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express permission or

invitation for the sending of such faxes and (4) with whom Defendant did not have an established business relationship.

17. A class action is warranted because:

(a) On information and belief, the class includes 3,000 or more persons and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i) Whether Defendant sent unsolicited fax advertisements;

(ii) Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

(iii) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv) Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

(v) Whether Defendant violated the provisions of 47 U.S.C. § 227;

(vi) Whether Plaintiff and the other class members are entitled to statutory damages;

(vii) Whether Defendant should be enjoined from faxing advertisements in the future; and

(viii) Whether the Court should award trebled damages.

18. Plaintiff has a right or interest common with the class. Plaintiff will fairly and adequately represent the interests and rights of the other class members so that the legal and factual issues will be fairly and honestly tried. Plaintiff's counsel are experienced in handling class

actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel have any interests adverse to or in conflict with the absent class members.

19. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible. The proposed class is manageable. The claims of the class arose by means of the same unauthorized, unlawful, and illegal acts of Defendant.

20. The TCPA, 47 U.S.C. § 227(b)(1)(C), prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine . . . ."

21. The TCPA, 47 U.S.C. § 227(a)(5), defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission."

22. The TCPA, 47 U.S.C. § 227(b)(3), provides:

> A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> > (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> >
> > (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> >
> > (C) Both such actions.

23. The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227(b)(3).

5

24. Defendant violated the TCPA, 47 U.S.C. § 227, by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

25. The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

26. Defendant knew or should have known that (A) Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services, (B) Plaintiff and the other class members did not have an established business relationship with Defendant, and (C) Exhibit A is an advertisement.

27. Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff wasted its time receiving, reviewing, and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interfered with Plaintiff and the other class members' privacy interests in being left alone.

## COUNT II: CONVERSION

28. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

29. In accordance with Wis. Stat. § 803.08, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date six years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom

6

Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

30. A class action is warranted because:

(a) On information and belief, the class includes 3,000 or more persons and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including without limitation:

(i) Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited fax advertisements; and

(iii) Whether Defendant committed the tort of conversion.

31. Plaintiff has a right or interest common with the class. Plaintiff will fairly and adequately represent the interests and rights of the other class members so that the legal and factual issues will be fairly and honestly tried. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel have any interests adverse to or in conflict with the absent class members.

32. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible. The proposed class is manageable. The claims of the class arose by means of the same unauthorized, unlawful, and illegal acts of Defendant.

33. By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner, and paper to its own use. Defendant also converted Plaintiff's employees' time to Defendant's own use.

34. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

35. By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use. Such misappropriation was wrongful and without authorization.

36. Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

37. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

38. Each of Defendant's unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

39. Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result. Defendant's actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machines

for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, WILDER CHIROPRACTIC, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, PIZZA HUT OF SOUTHERN WISCONSIN, INC., as follows:

On Count I:

A.   That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.   That the Court award $500.00 in damages for each violation of the TCPA;

C.   That the Court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

D.   That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

On Count II:

A.   That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.   That the Court award appropriate damages; and

C. That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

Dated at Milwaukee, Wisconsin this 18th day of March, 2010.

> CROEN & BARR LLP
> Attorneys for Plaintiff
>
> By: _____
> Charles H. Barr - SBW #1004802

250 East Wisconsin Avenue, Suite 1550
Milwaukee, WI 53202
Ph.: 414-226-2080
Fax: 414-226-2070

OF COUNSEL:
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Ph.: 847-368-1500
Fax: 847-368-1501

Phillip A. Bock
BOCK & HATCH, LLC
134 North La Salle Street, Suite 1000
Chicago, IL 60602
Ph.: 312-658-5500
Fax: 312-658-5555

**EXHIBIT A**

# Spring into Savings

Two Medium Two-Topping or Specialty Pizzas, an Order of Breadsticks and a 2-Liter of Soda

## $19.99

One Large Two-Topping or Specialty Pizza, an Order of Breadsticks, an Order of Buffalo Wings, and a 2-Liter of Soda

## $19.99

One Medium Two-Topping or Specialty Pizza, an Order of Breadsticks, and a 2-Liter of Soda

## $13.99

### Free Medium One-Topping Pizza
with the purchase of a Large Pizza at Regular Menu Price
**Carryout Only**

Add a Dippin' Strips Appetizer Pizza to any pizza order for

## ONLY $5.99

Valid *only* at the Gammon Road location
*No Coupons Necessary*

*Limited Time Offers*
*Hurry now to get these great savings!*

## 271-1778

811 S. Gammon Rd.
(1/2 Block South of Woodman's)



_____ Sponsor (above) and sender are not affiliated with, or endorsed by, any charitable organization _____
**Please Contribute to Local Charities Dedicated to Helping the Poor and Homeless**

If you received this appeal in error, we apologize. We sent this private charitable appeal because an individual using your business phone supplied the fax number and permission to send faxes. (To date, nobody has requested that we discontinue despite our having sent at least one previous fax offering the opportunity to do so using a toll free "Remove" number.) As a charitable appeal, although exempt from most faxing regulations, it conforms to all regulations including providing a toll free "Remove" number (below), disclosing the senders name, address, and telephone number (below), and containing a date and time stamp (top of the page). To STOP receiving charitable appeals or other faxes from us, call one of the "Remove" Hotline numbers below. (One is "toll free" for your convenience.) To continue to receive appeals, do NOT call. This message is the exclusive property of Macaw, SRL, 46 Match Factory St, Sec 5, Buc, Rom, 050183, 40723294564, which is solely responsible for its contents and destinations.

"Remove" Hotline, or (718) 360-0971, ext 233, or (800) 991-9484, ext 399.
Complaint Hotline (718) 360-1330, ext 232