IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WILDER CHIROPRACTIC, INC., individually and as the representative of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>PIZZA HUT OF SOUTHERN WISCONSIN, INC.,<br><br>Defendant. | )<br>)<br>)<br>) No. 10-CV-229-SLC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FINAL APPROVAL ORDER

The matter coming before the Court on the parties' request for final approval of the class action settlement, including approval of fees and expenses, due notice given, the parties appearing through counsel, and the Court fully advised in the premises, IT IS HEREBY ORDERED:

1. This Court has jurisdiction over the parties, the members of the Settlement Class, and the claims asserted in this lawsuit.

2. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations raised by this case.

3. The Settlement Class is defined as follows:

> All persons who were successfully sent one or more faxes in March 2006 advertising 'Spring into Savings' with

1

    'Limited Time Offers' at the Pizza Hut at 811 S. Gammon
    Rd., Madison, WI.

Excluded from the Settlement Class are Pizza Hut of Southern Wisconsin, Inc. ("Pizza Hut"), any parent, subsidiary, affiliate or controlled person of Pizza Hut, the officers, directors, agents, servants or employees of Pizza Hut, and the judges and staff of the United States District Court of the Western District of Wisconsin. The parties expressly agreed to this Settlement Class definition for settlement purposes.

  4. The Court finds that the Settlement Agreement has been entered into in good faith following arm's-length negotiations.

  5. Upon the Declarations of Andrew Barnett and Ross Good, the Court finds that notice was given to the Class Members, that it was the best notice practicable under the circumstances, and that it satisfied the requirements of due process and Rule 23(e)(1).

  6. Upon the Certificate of Service that accompanied the "Notice Of Class Action Settlement Pursuant To Class Action Fairness Act, 28 U.S.C. § 1715 And Certificate of Service," which was signed by counsel for Defendant, the Court finds that notice has been given to the appropriate State and Federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

  7. A total of zero (0) objections were received and no parties appeared in Court at the fairness hearing to object to the settlement.

  8. After due consideration of the uncertainty about the likelihood of the Class's ultimate success on the merits; the range of the Class's possible recovery; the complexity, expense and duration of the litigation; the substance and amount of

opposition to the settlement; and the state of proceedings at which the settlement was achieved; all written submissions, declarations, and arguments of counsel; and after notice and hearing, this Court finds that the settlement is fair, adequate and reasonable. This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate and reasonable. Accordingly, this Settlement Agreement should be and is approved and shall govern all issues regarding the settlement and all rights of the Parties, including the Class Members. Each Class Member (except those who have previously excluded themselves from the Class by submitting a Notice to Class Counsel indicating that they are opting out, and who are listed in the document attached hereto as Exhibit A) shall be bound by the Settlement Agreement, including being subject to the release set forth in the said Settlement Agreement.

9. Pizza Hut has created a settlement fund (the "Settlement Fund") of $1,296,000 to pay all claims by Settlement Class members, to pay Class Counsel's fees and out-of-pocket expenses, and to pay the Class Representative's incentive award. Unclaimed monies in the Settlement Fund shall revert to Pizza Hut.

10. As agreed in the Settlement Agreement, each member of the Settlement Class who submits a timely and valid Claim Form will receive a check in the amount of $332.11 for each Pizza Hut fax successfully sent to them, as reflected in the Expert Report of Robert Biggerstaff. Checks issued to the claiming Settlement Class members will be void ninety-one (91) days after issuance and any amount from voided checks shall be refunded to Pizza Hut.

11. Pursuant to the parties' agreement, the Court approves Class Counsel's attorney's fees in the total amount of $432,000.00 and out-of-pocket expenses in the amount of $19,156.28. In accordance with the Settlement Agreement, these amounts shall be paid from the Settlement Fund when the Final Judgment and Order becomes final as those terms are defined in the Settlement Agreement.

12. Pursuant to the parties' agreement, the Court approves a ~~$7,500.00~~ $6,500.00 [handwritten: BC 7/28/11] incentive award to Wilder Chiropractic, Inc. for serving as the Class Representative. In accordance with the Settlement Agreement, this amount shall be paid from the Settlement Fund when the Final Judgment and Order become final as those terms are defined in the Settlement Agreement.

13. The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here. The Parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

14. This action, including all claims against Defendant asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of Plaintiff and all Settlement Class members against Defendant, is hereby dismissed with prejudice and without taxable costs to any Party.

15. All claims or causes of action of any kind by any Settlement Class member brought in this Court or any other forum (other than those by persons who have opted out of this action) are barred pursuant to the releases set forth in the Settlement Agreement.

16. Pizza Hut is enjoined from future violation of the TCPA. Pizza Hut shall not send any advertisement by facsimile without first obtaining the prior express invitation or permission of the intended recipient.

17. If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or Final Approval Order and Judgment do not for any reason become effective, or (c) the Settlement Agreement or Final Approval Order and Judgment are reversed, vacated, or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be void and shall be deemed vacated.

18. For sixty (60) days, the Court retains continuing jurisdiction over this action, Wilder Chiropractic, Inc. and all members of the Settlement Class, and Pizza Hut to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement.

19. The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.

BY ORDER OF THE COURT

Dated: July 28, 2011

Barbara B. Crabb
Honorable Barbara B. Crabb